IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FIOCCA | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA | : | NO. 10-1289 |

MEMORANDUM

Fullam, Sr. J.                                            July 13, 2010

      Plaintiff is a Philadelphia police officer. He alleges that on September 24, 2007 and on November 10, 2007, he saw and objected to religious postings in the police station. The complaint offers no further description of the postings. Plaintiff alleges that in retaliation for his objections a supervisor began to harass him by, for example, ordering him to a take a box down to the lab then slapping it out of his hands, denying a request to transfer, and giving negative evaluations. These actions happened between December 2007 and April 2009.

      On April 7, 2009, Plaintiff filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). The EEOC issued a right-to-sue notice on December 23, 2009, and Plaintiff timely filed a complaint, which the defendants moved to dismiss. Plaintiff filed an amended complaint, against the City of Philadelphia only, which has renewed the motion to dismiss.

      To state a claim, the "employee must have an 'objectively reasonable' belief that the activity s/he opposes constitutes unlawful discrimination under Title VII. To put it

differently, if no reasonable person could have believed that the underlying incident complained about constituted unlawful discrimination, then the complaint is not protected." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d Cir. 2008). In Wilkerson, the court held that although the plaintiff's claim that she was forced to participate in a libations ceremony that violated her Christian beliefs was likely not enough to give the defendant notice of what the ceremony was or why it was religious, the plaintiff's detailed allegation that the ceremony forced her to engage in ancestor worship against her Christian beliefs sufficed. Here, Plaintiff has not described the documents to which he objected or how they constituted unlawful discrimination. In short, the complaint fails to give Defendant notice. Nor does Plaintiff allege facts that would link the alleged retaliation to his complaints about the postings, particularly given significant gaps in time between the complaints and the alleged retaliatory actions. The complaint will be dismissed, and Plaintiff given an opportunity to amend the complaint.

Defendant also argues that many of the acts are time-barred because the administrative complaints were filed more than 300 days after many acts took place. See 42 U.S.C. 2000e-5(e) (2006). Although equitable exceptions do apply to this 300-day limit, see West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d

2

Cir. 1995), a denial of transfer, failure to promote, and refusal to hire are all discrete acts, each of which alerts a plaintiff to adverse action and each of which starts the statute-of-limitations clock, thereby barring the use of an equitable exception. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). In May 2008, Plaintiff was denied a transfer because of a negative evaluation McKenna wrote, which started the clock. Therefore, any events that occurred more than 300 days before the complaints were filed with the EEOC and the PHRC-any events before June 11, 2008-are time-barred. Plaintiff should bear this in mind if he files an amended complaint.

Finally, Defendant moves to strike paragraph 46 of Plaintiff's first amended complaint under Rule 12(f), claiming that the material is impertinent and immaterial. As the motion to dismiss is granted, the motion to strike is moot.

An order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.