```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MICHAEL FIOCCA | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA | : | NO. 10-1289 |

<u>MEMORANDUM</u>

Fullam, Sr. J.                                            March 28, 2011

The plaintiff, a Philadelphia police officer, filed suit alleging that his supervisors retaliated against him after he complained about religious postings in the police station. The plaintiff filed this action against the City of Philadelphia and the Philadelphia Police Department; after the defendants filed a motion to dismiss, the plaintiff filed an amended complaint as of right, against the City only. The defendant again moved to dismiss; that motion was granted without prejudice and the plaintiff filed a Second Amended Complaint, which the defendant has moved to dismiss. The plaintiff has requested leave to amend the Second Amended Complaint.

*The Motion to Dismiss the Second Amended Complaint*

According to the Second Amended Complaint, on September 24, 2007, the plaintiff and other officers complained about religious posters displayed by another officer. These posters, which quoted Psalm 35, were offensive to the plaintiff as a Catholic because he believed the psalm was being quoted in an inappropriate context and that the officer responsible knew they

would offend the plaintiff.  After the complaint, the posters were immediately removed, only to reappear on November 10, 2007; after the plaintiff again complained, the posters stayed up for eight days before being removed.  The plaintiff alleged that the officer who put up the posters was not disciplined, but that the plaintiff's supervisors retaliated against the plaintiff for his complaints.

To state a claim for a hostile work environment based on religious discrimination (which is the only form of religious discrimination possibly alleged), the plaintiff must allege that "(1) he suffered intentional discrimination because of religion; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same religion in that position; and (5) the existence of *respondeat superior* liability."  <u>Abramson v. William Paterson Coll.</u>, 260 F.3d 265, 278 (3d Cir. 2001).  The allegations of the complaint (two instances of posting) do not rise to the level of pervasive and regular discrimination; nor is there a basis for finding that the City has *respondeat superior* liability, given that the City responded in each instance and the posters were removed.  Count I will be dismissed.

The defendant also moves to dismiss the plaintiff's claims of retaliation, arguing first that the acts of retaliation

that occurred more than 300 days before the plaintiff filed complaints with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission on April 7, 2009 are time-barred.  See 42 U.S.C. § 2000e-5(e)(2006).  I agreed with this argument in ruling on the earlier motion to dismiss; however, the plaintiff alleges in the second amended complaint that he was prevented from filing his administrative complaints in a timely manner because of what he perceived to be threats from his supervisors that if he did not keep any disputes "in-house" he would lose his job.  These threats, according to the plaintiff, justify equitable tolling of the 300-day period because the plaintiff "in some extraordinary way has been prevented from asserting [his] rights."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  The defendant disagrees with the characterization of the supervisors' comments, but this dispute is not properly resolved in the context of a motion to dismiss.

The defendant also argues that the plaintiff has failed to state a *prima facie* case of retaliation under Title VII, which requires the plaintiff to allege that: "(1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's

3

adverse action."  Abramson, 260 F.3d at 284 (footnote omitted).
The defendant acknowledges that the complaints about the posters
could constitute protected activity, but argues that the
plaintiff has not suffered any adverse employment action.
Although many of the retaliatory acts alleged by the plaintiff do
not rise to the level of an adverse employment action, the
plaintiff has alleged that he was denied a transfer, had his
shift changed, was denied the opportunity to work overtime, and
received negative performance evaluations.  Accepting all of
these allegations as true, dismissal of the retaliation claim is
not warranted at this time.

     The *Motion to Amend the Second Amended Complaint*

  The plaintiff seeks leave to file a third amended
complaint to allege a violation of 42 U.S.C. § 1983, specifically
that he was retaliated against for exercising his first amendment
rights in complaining of religious discrimination.  The motion
to amend will be denied, because the plaintiff has not attempted
to allege that his injury was caused by an official City of
Philadelphia policy or custom, pursuant to Monell v. Department
of Social Services, 436 U.S. 658, 694 (1978).

  An order will be entered.

             BY THE COURT:


             /s/ John P. Fullam
             John P. Fullam, Sr. J.